# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL CASE NO. 4:18-CR-171 |
| § | |
| STEVEN EARL EULENBERG § | |

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

Before the Court is Defendant Steven Earl Eulenberg's Emergency Motion for Modification of Sentence Seeking Compassionate Release to Home Confinement in Response to COVID-19 Pandemic (Dkt. #61). Defendant Eulenberg requests that the Court reduce his sentence to time served due to COVID-19 and release him to home confinement based on the health risks of the Defendant and the fact that the Defendant has tested positive for COVID-19 (Dkt. #64, pg. 2). The Government replied in opposition (Dkt. #63). The Court, having considered the motion, the record, and the applicable law, **DISMISSES** the motion for want of jurisdiction.

### I. BACKGROUND

On September 20, 2018, a grand jury sitting in the Eastern District of Texas returned a two-count indictment against Eulenberg, charging violations of 18 U.S.C. § 2252A(a)(2)(A), receipt of child pornography, and 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography (Dkt. #1). Thereafter, on March 20, 2019, Eulenberg appeared before United States Magistrate Judge Kimberly C. Priest Johnson and pleaded guilty to knowingly receiving child pornography (Dkt. #24). On July 23, 2019, this Court sentenced Eulenberg to 97 months' imprisonment, to be followed by a term of supervised release of 5 years (Dkt. #42). Eulenberg is serving his sentence at FMC Fort Worth. The Bureau of Prisons ("BOP") projects Eulenberg's release date to be February 6, 2026, understanding that projected release dates are subject to change.

Eulenberg now moves under 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction resulting in his immediate release from the BOP, relying on the threat posed by the COVID-19 pandemic. Eulenberg claims—without offering proof—that he "suffer[s] from hypertension and heart palpitations." (Dkt. #62-1, pg. 2) He also states that he is 58-years old and argues that these conditions place him at higher risk for contracting COVID-19. Eulenberg acknowledges that federal law requires him to exhaust all administrative remedies before seeking relief in the district court, but argues that the current health crisis is paramount to the statutory framework and that the Court is free to ignore its provisions. Defendant Eulenberg's reply filed May 6, 2020 alleges that Eulenberg was informed verbally by BOP staff that he tested positive for COVID-19 (Dkt. #64, pg. 2).

The Government argues that Eulenberg's failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s threshold exhaustion requirement precludes relief, as exhaustion is a jurisdictional bar or, alternatively, a mandatory claims-processing rule. Exhaustion aside, the Government further argues that Eulenberg has not shown a right to relief on the merits because his reasons for release are not "extraordinary and compelling."

## II. LEGAL STANDARDS

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (internal quotation marks omitted); *see* 18 U.S.C. §§ 3582(b), (c). One such exception arises from section 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment if, after considering the relevant factors set forth in 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons" support reduction and that reduction is "consistent with applicable policy

statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i).[1] A sentence modification under section 3582(c)(1)(A)(i) may be obtained only through a motion made either by the Director of the BOP or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id*. § 3582(c)(1)(A).

### III. DISCUSSION

Eulenberg's failure to meet section 3582(c)(1)(A)'s exhaustion requirement deprives this Court of jurisdiction to modify his sentence. Even if the Court could exercise adjudicatory authority over Eulenberg's motion, the relief he requests would nonetheless remain precluded by section 3582(c)(1)(A)'s exhaustion requirement, as it is not susceptible to any judicially created exception. Eulenberg's motion must therefore be dismissed for want of jurisdiction.

**A. Section 3582(c)(1)(A)'s Exhaustion Requirement Is Jurisdictional.**

Under 18 U.S.C. § 3582(c), district courts have authority to modify a prisoner's sentence under narrow circumstances. One such circumstance, invoked by Eulenberg, is provided by section 3582(c)(1)(A)(i). This provision allows a court to modify a defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction of the sentence and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* § 3582(c)(1)(A)(i). But section 3582(c)(1)(A) makes clear that a court cannot consider any modification to a defendant's sentence under section 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted administrative remedies.

---

[1] An additional exception based on the defendant's age, time served, and danger to the community is set forth in section 3582(c)(1)(A)(ii). That exception is not applicable here.

Section 3582(c)(1)(A)'s mandate is unequivocal. The Director of the BOP may request a sentence reduction in court at any time. *Id.* § 3582(c)(1)(A). A defendant may also make such a request, but only after fully exhausting remedies within the BOP or allowing 30 days to pass since seeking administrative remedies. *Id.* Here, it is undisputed that the Director of the BOP has not requested a reduction on Eulenberg's behalf, nor has Eulenberg pursued all administrative remedies within the BOP. Under controlling Fifth Circuit precedent, section 3582(c)(1)(A)'s exhaustion requirement is jurisdictional, and Eulenberg's failure to meet that requirement deprives the Court of jurisdiction to consider a modification to his sentence.

It is well-settled in the Fifth Circuit that 18 U.S.C. § 3582 sets out the limited instances in which a district court has jurisdiction to modify a term of imprisonment. *See, e.g.*, *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam) ("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582.") (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)). In an unbroken line of cases over two decades, circuit precedent has reaffirmed that section 3582 provides a limited grant of jurisdiction for a district court to modify a term of imprisonment. *See, e.g.*, *United States v. Rene*, 785 F. App'x 240, 240–41 (5th Cir. 2019) (per curiam); *Bridges*, 116 F.3d at 1112. Because these cases speak in terms of section 3582 as a whole, it follows that section 3582(c)(1)(A), and the limitations within, circumscribe the Court's jurisdiction.[2] For these reasons, Eulenberg's motion for compassionate release must be dismissed for want of jurisdiction.

---

[2] The Court recognizes that a recent line of Supreme Court jurisprudence has clarified the distinction between "true jurisdictional conditions and nonjurisdictional limitations on causes of action." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010). However, as United States District Judge Sean Jordan recently explained in *United States v. McGirt*, No. 4:16-CR-86 (E.D. Tex. May 5, 2020) (Dkt. #302 at 5–10), it does not appear that this line of Supreme Court authority undermines the Fifth Circuit's understanding of section 3582's exceptions to the finality rule as jurisdictional conditions rather than claims-processing rules.

**B. Section 3582(c)(1)(A)'s Exhaustion Requirement Is Mandatory.**

Even if section 3582(c)(1)(A)'s exhaustion requirement did not present a jurisdictional bar, this Court could not waive or otherwise excuse its requirements through a judicially created exception.

There are two types of exhaustion requirements—those created by Congress and those created by the judiciary. *See McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). This distinction carries significant weight. As the Supreme Court has explained, "because Congress is vested with the power to prescribe the basic procedural scheme under which claims may be heard in federal courts," *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 501, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), "[w]here Congress specifically mandates, exhaustion is required[,]" *McCarthy*, 503 U.S. at 144. The Supreme Court has rejected invitations to depart from that principle, "stress[ing] the point . . . that [the courts] will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). It follows that where a statute specifically prescribes exhaustion, courts lack authority to apply judicially created exceptions. *See Ross v. Blake*, ––– U.S. ––––, 136 S.Ct. 1850, 1857, 195 L.Ed.2d 117

---

As Judge Jordan also observed in *McGirt*, at least seven circuits have treated section 3582's exceptions to the finality rule as jurisdictional. *See United States v. Denson*, 798 F. App'x 605, 605–06 (11th Cir. 2020) (per curiam) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–97 (11th Cir. 2010)); *United States v. Conley*, No. 18-5582, 2019 WL 2403230, at *2 (6th Cir. Jan. 9, 2019) (citing *United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010)); *United States v. Carrillo*, 720 F. App'x 815, 815 (8th Cir. 2018) (per curiam) (citing *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993)); *United States v. Jordan*, 853 F.3d 1334, 1338 (10th Cir. 2017); *United States v. Spears*, 824 F.3d 908, 909 (9th Cir. 2016); *United States v. Freeman*, 659 F. App'x 94, 98 (3d Cir. 2016) (citing *United States v. Doe*, 564 F.3d 305, 309 (3d Cir. 2009)); *Garcia*, 606 F.3d at 212 n.5. On the other hand, the Court is aware of only one circuit that has reached the opposite conclusion. *See United States v. Taylor*, 778 F.3d 667, 669–71 (7th Cir. 2015).

(2016) ("Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to.").[3]

Nothing in the text of section 3582(c)(1)(A) invites courts to play an additional role in the scheme Congress set forth. A well-established body of jurisprudence, therefore, settles this issue—the clear exhaustion requirement set out by Congress in section 3582(c)(1)(A) is mandatory and not susceptible to judicially created exception. Courts cannot disregard this clear congressional mandate.[4]

---

[3] Congress had good reason to include the exhaustion requirement. The procedure for exhaustion involves investigation and review of requests for compassionate release by entities expert in prison administration, who are well-positioned to consider a defendant's application. *See* 28 C.F.R. § 571.62(a) (prescribing the involvement of the warden of the defendant's prison, the BOP's Office of General Counsel, the Medical Director or the Assistant Director of the Correctional Programs Division, and the Director of the BOP).

Further, as the Government has noted, BOP administrative review is now guided by an expanded consideration of whether a defendant is suitable for transfer to home confinement. In a memorandum dated March 26, 2020, U.S. Attorney General William Barr directed the BOP to identify suitable inmates for home confinement with COVID-19 risk factors to minimize the risk to inmates' health due to the ongoing COVID-19 pandemic. *See* Off. of the Att'y Gen., Mem. for Dir. of Bureau Prisons, Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic (March 26, 2020), https://www.justice.gov/coronavirus. Later, when it became evident that some federal prisons were experiencing a high rate of COVID-19 infections, a revised memorandum was issued for such prisons. *See also* Off. of the Att'y Gen. Mem., Mem. for Dir. of Bureau Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), https://www.justice.gov/coronavirus.

[4] The only circuit to address a section 3582(c)(1)(A)(i) motion based on COVID-19 stated that remand of a compassionate-release motion to the district court "would be futile" because the defendant "failed to comply with § 3582(c)(1)(A)'s exhaustion requirement[,]" thereby presenting a "glaring roadblock foreclosing compassionate release at this point." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

## IV. CONCLUSION

It is therefore **ORDERED** that Steven Earl Eulenberg's Emergency Motion for Modification of Sentence Seeking Compassionate Release to Home Confinement in Response to COVID-19 Pandemic (Dkt. #61), is **DISMISSED** for want of jurisdiction.[5]

**SIGNED** this 8th day of May, 2020.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[5] Eulenberg also requests that the Court order his release to home confinement (though Eulenberg does not specify a legal basis for such relief). Contrary to Eulenberg's assertion, the Court lacks authority to do so. *See, e.g., Zheng Yi Xiao v. La Tuna Fed. Corr. Inst.*, No. 3:19-CV-97, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019) ("The Attorney General—and by delegation the BOP—has the exclusive authority and discretion to designate the place of an inmate's confinement.") (citing *Moore v. U.S. Atty. Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971) (per curiam)). In any event, because this Court lacks jurisdiction over Eulenberg's motion, the Court need not address this request.